UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) No. 12 CR 755 |
| | ) |
| | ) Hon. Ronald A. Guzmán |
| v. | ) |
| | ) |
| Jose De Jesus Ramirez-Padilla, *et al*. | ) |
| | ) |

## Memorandum Opinion and Order

Mr. Benito Mojica is charged with one count of conspiracy to distribute heroin from January 2009 through September 2012 as part (Count One) of a thirty-one (31) count Indictment which names twenty-three (23) defendants. It is likely that all but five (Benito Mojica; Javier Campos; Daniel Montez; Juan Ramos; and Francisco Hernandez) of the 23 defendants will have pleaded guilty by the time Mr. Mojica goes to trial on May 19, 2014. Defendant argues that his case should be severed from the other for codefendants because he will suffer substantial prejudice from the spillover effect of evidence against his co-defendants. (Dkt. 635)

Rule 8(b) governs the joinder of multiple defendants in a single indictment.

*United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012). It provides, in part, that "[t]he indictment ... may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) "is to be construed broadly to allow liberal joinder in order to enhance judicial efficiency." *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995). Joinder is appropriate when the defendants are charged with crimes that well up out of the same series of such acts, but they need not be the same crimes." *United States v. Williams*, 553 F.3d 1073, 1078 (7th Cir. 2009); *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir. 1982). Thus, a defendant charged with a conspiracy to distribute heroin may properly be joined with others who conspired and others who were involved in the execution of the conspiracy. Proof of acts or transactions in furtherance of the conspiracy would be admissible and likely necessary to establish the conspiracy itself. The mere existence of evidentiary spill-over is not normally sufficient grounds for severing a properly joined defendant. *U.S. v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (citing cases which have rejected severance on the basis of spillover evidence). In this case the defendant fails to explain convincingly or with any specificity what spillover effect there would be, or how it would prejudice him in a way that would be alleviated by separate trials. Proof of the alleged conspiracy will likely require proof of the acts of other agents and conspirators named and/or unnamed whether the defendant is tried separately or with the remaining codefendants. Thus, a severance would not likely result in a trial free from evidence of actions by others as alleged in the other thirty counts of the indictment. In oral argument, the government confirmed that the other counts constitute acts in furtherance of the very same conspiracy the defendant is charged with. Thus, it is not

clear that any, much less a significant portion, of such evidence would be avoided by conducting the defendant's trial seperately. Nor does this appear to be a case in which a minimal participant or a defendant as to which there is scant evidence is likely to be overwhelmed by evidence which relates only to other defendants. On the contrary, none of the other remaining defendants are named as actual participants in the central conspiracy.

Finally, the jury will be instructed that they must consider each defendant seperately as to each count and that a finding of guilt as to one defendant is not, by itself, evidence of the guilty of any other co-defendant. Such curative instructions are sufficient to assure the defndant is not prejudiced by the jury's consideration of evidence that does not pertain to him.

Dated: April 18, 2014

**SO ORDERED**  **ENTER:**

-------------------------------------------
**RONALD A. GUZMÁN**
**District Judge**