UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) No. 12 CR 755 |
| | ) |
| | ) Hon. Ronald A. Guzmán |
| v. | ) |
| | ) |
| Jose De Jesus Ramirez-Padilla, *et al*. | ) |
| | ) |
| | ) |
| | ) |

## Memorandum Opinion and Order

Defendants Benito Mojica stands accused of a wide ranging conspiracy to distribute cocaine. In this motion, Mojica seeks an order requiring the government to provide him with a bill of particulars. For the reasons set forth herein, the motion is granted in part and denied in part.

Defendant is charged only in Count One of a thirty one count indictment. A bill of particulars is necessary when "an indictment lacks sufficient detail to allow a defendant to prepare for trial, avoid prejudicial surprise, or protect himself against double jeopardy." *United States v. Linder*, No. 12 CR 22-1, 2012 WL 3264924, at *2 (N.D. Ill. Aug. 9, 2012). *See also United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) ("[T]he key question [in a bill-of-particulars analysis] is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial

preparation."). In general, "An indictment that includes each of the elements of the charged crime, the time and place of the defendant's conduct which constitutes a violation, and a citation to the statute provides sufficient notice for the defendant to prepare for trial." *Id*. (citing *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). Even where such information is not found in the indictment, a bill of particulars is not required when "the information a defendant needs to prepare his defense is available through some other satisfactory form, such as discovery." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003). A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). The decision whether to require a bill of particulars "rests within the sound discretion of the district court." *Hernandez*, 330 F.3d at 975.

In the case at bar, Count One of the indictment describes the conspiracy, while the remaining counts allege individual acts of possession and distribution of cocaine in furtherance of the same. Defendant requests that the government be required to disclose the particular conduct and/or activity in support of the conspiracy charged in Count One of the indictment that he is alleged to have engaged in. Defendant's motion does not specifically state why he needs this information. He states only that "from counsel's review of the discovery received to date, it appears as though Mr. Mojica's charged criminal conduct is primarily based on his renting of his upstairs floor/apartment of his house to the brothers of Jesus Ramirez-Padilla; who is to lead defendant on the instant indictment." From this assertion and oral argument it appears that counsel is seeking to

avoid any prejudice from being surprised by evidence of some other conduct in furtherance of the conspiracy that counsel could not reasonably have foreseen. The court agrees.

Count One of the indictment is less than a full page long and contains no description of the alleged conspiracy, which spans a period of almost 4 years, other than to state that 6 (of the more than 20 defendants) conspired to possess and distribute 5 kg or more of cocaine during this time span. No acts taken by this defendant in furtherance of the conspiracy are described in Count One or anywhere else in the indictment as far as the Court can see. The remaining 30 counts likewise contain no description of the conspiracy or any explanation as to how the individual acts of possession and/or distribution of cocaine charged in each of these remaining counts are related to the conspiracy alleged in Count One. While it may be possible to infer the defendant's conspiracy related conduct by referencing the government's pretrial disclosures to the allegations in the indictment, this would likely require counsel to comb through a great deal of irrelevant evidence and to guess as to entirety of the conduct his client is accused of. The government is therefore required to describe the defendant's acts, if any, in furtherance of the conspiracy.

The motion also requests that the government be required to specify the information it has to support the position that the defendant knew or should have known that the others were using the rented portion of his house as a "stash house" for the conspiracy alleged in Count One. This request is denied as it clearly calls for a recitation

of the government's evidence in support of its theory of the case against the defendant. As pointed out above, the defendant is not entitled to a list of the Government's evidence or its thought processes with respect to the probative value of its evidence. The court assumes the government has complied with its Fed. R. Crim. P. 16, 18 U.S.C. §3500, and *Brady* and *Giglio* obligations.

Dated: April 18, 2014

**SO ORDERED**    **ENTER:**

-------------------------------------------
**RONALD A. GUZMÁN**
**District Judge**